**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TAMARA J. ZABEL, YVONE DEMENDONCA, and
MICHELLE SPENCE,

                Plaintiffs,

-vs-                                        Case No.  6:06-cv-1120-Orl-19KRS

SPACE COAST CREDIT UNION FINANCIAL
SERVICES, INC., d/b/a Space Coast Credit Union,

                Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the Amended Joint Stipulation for Dismissal With Prejudice, doc. no. 23, and Plaintiffs' and Defendant's Joint Response to Order Referring Case to U.S. Magistrate Judge, doc. no. 25.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

On December 18, 2006, I held a hearing to consider the fairness of the settlement. At the hearing, counsel indicated that the settlement was between the individually named plaintiffs, including opt-in plaintiff Michelle Spence, and the defendant, not a purported class of plaintiffs. Counsel stated that under the settlement agreement, Plaintiffs Tamara J. Zabel, Yvone

Demendonca, and Michelle Spence[1] would receive the full amount of past due wages sought. Because the plaintiffs will receive all of the past due wages which were claimed to be due and owing, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, doc. no. 25-2, and dismiss the case with prejudice. I also recommend that the Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 18, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] The settlement agreement also pertains to Richetta Moore. At the hearing on the parties' amended joint stipulation for dismissal, counsel informed the Court that the settlement was privately reached with Moore, who is not a party to this action. Thus, the Court need not consider the fairness of the settlement agreement reached with Moore.